**John W. WILLIS, Appellant,**

v.

**NORTH DALLAS BANK & TRUST COMPANY, Appellee.**

**No. 19264.**

Court of Civil Appeals of Texas, Dallas.

May 9, 1977.

John W. Willis, pro se.

John Emmett, Dallas, for appellee.

ON MOTION TO TRANSFER

GUITTARD, Chief Justice.

Appellant has moved for a transfer of this appeal on the ground that two of the justices of this court sat as trial judges in causes relating to the matter now on appeal. On consideration of the motion, it appears that two members of this court, though not technically disqualified, have determined that they should recuse themselves because of their previous experience with the parties and the matter in controversy.

We have no authority under the law to make such a transfer. Article 1819 of Texas Revised Civil Statutes Annotated (Vernon 1964) authorizes another court of civil appeals to act for us in certain circumstances. This statute provides in part:

[I]f any Court of Civil Appeals having jurisdiction of a cause, matter or controversy requiring immediate action shall, by reason of the illness or absence or unavailability of at least two (2) of the Judges thereof, be unable to take such immediate action, then the nearest available Court of Civil Appeals may take such action as may be required in regard to said cause, matter or controversy under such rules as the Supreme Court may prescribe.

The procedure under this statute is prescribed by rule 385a of the Texas Rules of Civil Procedure, which provides that if the unavailability of the court having jurisdiction to take "immediate action" is established by certificate of the clerk or any justice of the court, then the nearest court of civil appeals may take such action. We conclude that neither article 1819 nor rule 385a is applicable here because nothing on this appeal requires immediate action. Appellant's brief shows that this is an appeal from a judgment in a trespass-to-try-title action, and appellant has suggested no reason why the appeal should not be heard in normal course. Consequently, there is no occasion for a certificate under rule 385a.

The only authority for transfer of a case from one court of civil appeals to another in a situation like the present is that conferred on the supreme court by article 1738, Texas Revised Civil Statutes Annotated (Vernon 1962), to do so when, in the opinion of the supreme court, there is good cause for such

a transfer. Accordingly, by copy of this opinion to the supreme court, we are certifying that two of the justices of this court have recused themselves on the ground stated, so that the supreme court may determine whether good cause exists for transferring the case to another court of civil appeals.